IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TANAKIA, WATKINS, #276 768,                )
                                           )
    Plaintiff,                             )
                                           )
v.                                         )   CIVIL ACTION NO. 2:17-CV-643-TFM
                                           )   [WO]
DEIDRA WRIGHT, WARDEN II, *et al.*,        )
                                           )
    Defendants.                            )

## **MEMORANDUM OPINION**

Plaintiff, a prison inmate, filed this complaint on September 26, 2017. On November 2, 2017, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted answers and written reports which contained relevant evidentiary materials refuting the allegations in the complaint. Docs. 34, 36, 37, 40. Upon review of these reports, the court issued an order directing Plaintiff to file a response to Defendants' answers and written reports. Doc. 41. The order advised Plaintiff that her failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1. The order "specifically cautioned [Plaintiff] that [her failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's May 23, 2018, order, as extended by order entered June 12, 2018, expired on June 28, 2018. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written reports. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. After such review, dismissal is the proper course of action. Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against her would be ineffectual. Plaintiff's inaction in the face of Defendants' reports and evidentiary materials refuting the claims raised suggests she does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of her claims, her failure to comply with the orders of this court, and her failure to properly prosecute this cause of action warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the foregoing reasons, the undersigned concludes this case shall be dismissed without prejudice.

A Final Judgment will be entered separately.

Done, this 22nd day of August 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE